IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FRED DALTON BROOKS,** | : |
| Plaintiff | : |
| VS. | : |
| | :    CIVIL NO. 5:15-CV-0276-MTT-CHW |
| **HOMER BRYSON, et al,** | : |
| Defendants | : |

## ORDER & RECOMMENDATION

Plaintiff Fred Dalton Brooks, an inmate confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a *pro se* complaint in this Court seeking relief under 42 U.S.C. § 1983. The undersigned has now reviewed the allegations in Plaintiff's Amended Complaint (ECF No. 9), as required by 28 U.S.C. § 1915A(a), and will allow his Eighth and Fourteenth Amendment claims against Defendants to go forward.[1] It is **RECOMMENDED**, however, that Plaintiff's equal protection claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

I.   **Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an]

---

[1] Plaintiff's Second Motion for Leave to Proceed *in forma pauperis* (ECF No. 10) is **MOOT**. Leave to proceed in this action *in forma pauperis* has already been granted.  *See* Order, Sept. 15, 2015, ECF No. 8.

officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

## II.     Plaintiff's Complaint

The present action arises from Plaintiff's confinement in the Special Management Unit ("SMU") at the Georgia Diagnostic and Classification Prison ("GDCP"). The Amended Complaint states that Plaintiff was transferred to the SMU on February 7, 2012. Then, on August 1, 2013, the Georgia Department of Corrections created a new "Tier Segregation System" for housing inmates. Because Plaintiff was already housed in the SMU when the program was created, he was placed in "Tier III" of the program - the new SMU – without additional notification, review, or hearing.

When put into effect, the Tier System established new rules, regulations, and procedures to control the behavior, privileges, and conditions for inmates in the SMU. Such conditions are apparently much harsher than those previously existing in the SMU, or other high security facilities, and are substantially more restrictive than those in both general population and administrative segregation units. Tier III imposes significant limitations on the prisoner's possessions, interaction with others, communication with the outside world, exposure to fresh air and sunlight, recreation, reading materials, showers, educational and religious programming, and other liberties generally allowed to prisoners in the general population.

After the transition in August of 2013, Plaintiff began receiving "ninety-day reviews" of his Tier III placement. In December of 2014, the Program Review Committee began recommending that Plaintiff be transferred out of Tier III. That recommendation was approved by the warden on December 17, 2014. Plaintiff, however, was never

transferred from Tier III – even despite additional recommendations that he be transferred. Plaintiff claims that Defendants – through their actions or policies – have "intentionally and arbitrarily" confined (and continue to confine) him in Tier III in violation of his due process rights. Plaintiff further claims that his continued and indefinite confinement constitutes cruel and unusual punishment and violates his right to equal protection.

    A.  Due Process & Conditions of Confinement Claims

After reviewing Plaintiff's Amended Complaint, the undersigned is unable to find, at this early stage, that Plaintiff's due process and conditions of confinement claims are completely frivolous. These claims will thus be allowed to proceed beyond the frivolity review stage for further factual development. Defendants shall file an answer or other appropriate response to these claims.

    B.  Equal Protection Claims

Plaintiff also claims that his current confinement violates Equal Protection. However, nothing in the Amended Complaint supports this claim. There are no allegations that Plaintiff has been held in SMU – while others were released - because of his as race, gender, or religion. *See Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001). Nor does he identify facts sufficient to state a possible "class of one" equal protection claim. *See Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006)). The allegations necessary to state an equal protection claim are thus not present, and it is **RECOMMENDED** that these claims be **DISMISSED WITHOUT PREJUDICE**.

### III. Right to File Objections

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### IV. Order for Service

It is hereby **ORDERED** that service be made on Defendants and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the possible imposition of expenses for failure to waive service.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to

prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive

motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under

7

Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the

granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 26th day of April, 2016.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge