IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FRED DALTON BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-276 (MTT) |
| HOMER BRYSON, *et. al*, | ) |
| Defendants. | ) |

## ORDER

After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle allowed the Plaintiff's due process and conditions of confinement claims to go forward against all Defendants. (Doc. 11). However, the Magistrate Judge recommends dismissing without prejudice the Plaintiff's equal protection claims for failure to state a claim. The Plaintiff has objected to the Recommendation. (Doc. 25). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the objection and conducted a de novo review of the portions of the Recommendation to which the Plaintiff objects.

The Magistrate Judge recommends dismissing the equal protection claim because "[t]here are no allegations that Plaintiff has been held in SMU—while others were released—because of his … race, gender, or religion" and because he does not "identify facts to state a possible 'class of one' equal protection claim." (Doc. 11 at 4). In his objection, the Plaintiff has alleged additional facts sufficient at screening to establish that he was "intentionally treated differently from others similarly situated and

that there [was] no rational basis for the difference in treatment."[1] *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). Thus, he has provided sufficient allegations to state a "class of one" equal protection claim, and the Court **REJECTS** the recommendation to dismiss the claim. This claim is **ORDERED** to go forward, and the Defendants are required to file an answer or other appropriate response to this claim.

The Plaintiff has also moved to amend his complaint (Doc. 15),[2] adding allegations that further describe the alleged due process violations and conditions of confinement claim and further explain his equal protection claim. His motion to amend is **GRANTED in part** as to the allegations pertaining to these claims.

In his motion, he also seeks to add separate claims against Commissioner Homer Bryson, Facilities Director Timothy Ward, Field Operations Director Rick Jacobs, Warden Bruce Chatman, Superintendent Rodney McCloud, and Deputy Warden William Powell for injuries to his left leg. (Doc. 15 at 11, 29). The Plaintiff alleges that he stepped off his bed and seriously injured his leg in April 2015 and received treatment at Atlanta Medical Center in May 2015 after his leg worsened. (*Id.* at 11). Because the injury occurred in the SMU, the Plaintiff alleges these Defendants are liable because the injury would not have occurred had he been transferred out of the SMU. (*Id.* at 29). However, these facts are insufficient to establish that these Defendants acted with

---

[1] Because the Plaintiff asserted additional facts to address the deficiencies of his allegations described in the Recommendation, the Court will construe the objection as a motion to amend the complaint. *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) ("Although the form of those additional allegations were objections to the recommendation of dismissal, the collective substance of them was an attempt to amend the complaint. Because courts must construe pro se pleadings liberally, the district court should … consider[ the plaintiff's] additional allegations in the objection as a motion to amend his complaint and grant[ ] it."). Accordingly, this motion is **GRANTED.**

[2] The Clerk is **DIRECTED** to docket the "recast complaint" as a "motion to amend."

deliberate indifference to this particular risk of harm from being housed in the SMU.[3] *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (citation omitted)).  Accordingly, the motion to amend is **DENIED in part** as to this claim because amendment would be futile.[4]  *See Fetterhoff v. Liberty Life Assurance Co.*, 282 F. App'x 740, 742 (11th Cir. 2008) ("An amendment is futile where it fails to state a claim for relief.").

    **SO ORDERED**, this 3rd of August, 2016.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT

---

[3] If the Plaintiff is attempting to assert a deliberate indifference to medical needs claim against these Defendants, the Plaintiff has also failed to state such a claim because he has insufficiently alleged their deliberate indifference to a serious medical need.  *See Goebert v. Lee Cty.*, 510 F.3d 1312, 1326-27 (11th Cir. 2007).

[4] Because the events underlying the claim occurred in 2015, the two-year statute of limitations will not prevent the Plaintiff from filing this claim in a separate lawsuit.