**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **FRED DALTON BROOKS,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-276 (MTT) |
| **HOMER BRYSON,** *et. al*, | ) |
| Defendants. | ) |

## ORDER

The Plaintiff has moved for reconsideration of the Court's order (Doc. 30) denying his motion to amend his complaint to add an Eighth Amendment conditions of confinement claim for a leg injury he suffered while operating the television set in his prison cell. Doc. 36.[1] As discussed below, the motion (Doc. 36) is **DENIED**.

Pursuant to Local Rule 7.6, "Motions for Reconsideration *shall not be filed as a matter of routine practice*." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate

---

[1] The Plaintiff is one of eleven inmates in Tier III of the Special Management Unit of Georgia Diagnostic and Classification Prison in Jackson, Georgia. Doc. 41 at 1. "Each case has presented similar claims and fact patterns alleging constitutional violations of Eighth and Fourteenth Amendment rights." *Id.* Accordingly, the Court has appointed counsel in one of the cases, *Gumm v. Jacobs*, 5:15-cv-41, and stayed discovery in the other cases (including this one) pending resolution of discovery in that case and possible class certification. *See id.* at 2-3.

clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Plaintiff has raised no change in the law, newly discovered evidence, or clear error in the Court's previous order. Accordingly, the Plaintiff's Motion for Reconsideration (Doc. 36) is **DENIED**. The Plaintiff adds specificity to his allegations against the Defendants, alleging that his leg injury was the fault of Defendants Chatman, Powell, and McCloud because "[t]hose individuals refused to replace or repair" the Plaintiff's television remote control despite the fact that the Plaintiff "immediately wrote" to the Defendants when his remote control malfunctioned. Doc. 36 at 1-2. According to the Plaintiff, this created "an excessive risk of an inmate being injured due to a fall while manually operating the television," which is "suspended 7 to 8 feet above the floor" of the cells. *Id.* at 2. Accordingly, to the extent the Plaintiff moves to amend his complaint, his motion must also be **DENIED** because his allegations remain "insufficient to establish that these Defendants acted with deliberate indifference to this particular risk of harm from being housed in the SMU," and therefore amendment would be futile. Doc. 30 at 2-3 (citing *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) and *Fetterhoff v. Liberty Life Assurance Co.*, 282 F. App'x 740, 742 (11th Cir. 2008)).

**SO ORDERED**, this 6th of October, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT